UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

SHARON TONGE,

                   Petitioner,                           **MEMORANDUM & ORDER**

    -against-                                 24-mc-2597 (NRM)

UNITED STATES OF AMERICA,

                   Respondent.
——————————————————————X

**NINA R. MORRISON**, United States District Judge:

Petitioner Sharon Tonge, proceeding *pro se*, petitions to expunge her 1988 conviction for knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine.  Pet. to Expunge ("Pet."), ECF No. 1 (June 28, 2024); *see* Resp't Opp'n Letter ("Opp'n Ltr.") at 1, ECF No. 4 (Sep. 15, 2025).[1]  Since this Court lacks jurisdiction to grant the relief Petitioner requests, her petition is denied.

## BACKGROUND

On August 3, 1988, Sharon Tonge was convicted of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine under 21 U.S.C. §§ 846 and 841(b)(1)(C).  *See* Opp'n Ltr. Ex. A ("Conviction Record") at 2, ECF No. 4-1 (Sep. 15, 2025).[2]  She was sentenced to an eight-year term in the custody of the Bureau of Prisons, followed by five years of supervised release.  *Id.*

---

[1] Citations refer to ECF pagination unless otherwise noted.

[2] Given that the case pre-dates electronic filings, the government has attached the criminal filings to its letter brief.

During her incarceration, Petitioner took courses at Eastern Kentucky University, and her excellent behavioral record led her counselor to recommend that she be transferred to a program with twenty months still left on her sentence. Pet. at 4. Upon her release in 1995, Petitioner moved back to Brooklyn to live with her mother, began working two jobs, and took computer classes at a local church. *Id.* She eventually earned a bachelor's degree in business administration and computer information systems, as well as a master's degree in labor studies. *Id.* In the two decades since her release, Petitioner has had no further contact with the criminal legal system. *Id.* at 2. Despite all her achievements, however, she alleges that this decades-old felony conviction has "persistently haunted" her and "been used against [her] in many ways." *Id.* at 4. For this reason, on June 28, 2024, Petitioner filed a petition to have her record sealed.[3] *Id.* at 1. The United States Attorney's Office for the Eastern District of New York filed a letter brief in opposition on September 15, 2025. *See generally* Opp'n Ltr.

---

[3] Although Ms. Tonge's motion is titled as a motion to expunge, *see* Pet. at 1, her letter specifically requests her file be "sealed" not expunged. *Id.* at 1, 4. Her requested relief under the Clean Slate Act, further supports this interpretation, given that the only remedy available under that law is sealing. *See* N.Y. Crim. Proc. L. § 160.59(2)(a). Nonetheless, Second Circuit courts have used the terms "expunge" and "seal" interchangeably and "apply the same standard when deciding motions to seal and motions to expunge criminal records." *Melvin v. United States*, No. 18-MC-3359 (LB), 2019 WL 5394646, at *1 n.1 (E.D.N.Y. Oct. 21, 2019) (citing *Ruiz v. United States*, No. 19-MC-850 (MKB), 2019 WL 3388817, at *1 n.3 (E.D.N.Y. July 25, 2019); *see also Doe v. United States*, 833 F.3d 192, 196 n.1 (2d Cir. 2016) (finding that, although the petitioner's motion was titled motion to "expunge," sealing was a more accurate term for requested relief, but using the term "expunge" to be consistent with the parties' briefs).

## LEGAL STANDARD

In *Doe v. United States*, the Second Circuit held that a district court generally lacks jurisdiction to seal or expunge a valid criminal record. 833 F.3d 192, 199 (2d Cir. 2016). After *Doe*, district courts have "repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *Hurlburt v. United States*, No. 94-CR-866 (NSR), 2022 WL 2714070, at *2 (S.D.N.Y. July 13, 2022) (quoting *United States v. Bolera*, No. 00-CR-631 (PKC), 2021 WL 5232452, at *2 (S.D.N.Y. Nov. 9, 2021).

Absent inherent authority, "Congress has previously authorized district courts to expunge lawful convictions [only] under certain limited circumstances." *Doe*, 833 F.3d at 199. Currently, there is one method to seal or expunge otherwise valid federal criminal convictions under the Federal First Offender Act ("FFOA"). *See* 18 U.S.C. § 3607(c); *United States v. Buonagura*, No. 98-CR-747 (DC), 2025 WL 880478, at *1 n.1 (S.D.N.Y. Mar. 21, 2025) (noting that, apart from 18 U.S.C. § 3607, there are "no other Acts of Congress that authorize this Court to expunge or seal [petitioner]'s conviction").

## DISCUSSION

Here, the Court lacks jurisdiction over the petition for several reasons.

First, Petitioner's invocation of New York's Clean Slate Act is inapplicable. *See* Pet. at 1. The Clean Slate Act is a state law that automatically seals certain *state* criminal convictions after the passage of a specified waiting period. *See* N.Y. Crim.

3

Proc. L. § 160.57(1) ("Convictions for certain traffic infractions or *a crime defined in the laws of the state* shall be sealed in accordance with this section . . . ." (emphasis added)). As such, federal convictions such a Petitioner's are outside the scope of the Act.[4]

Second, this Court lacks jurisdiction over a petition seeking to expunge a conviction based on collateral consequences. As the Second Circuit stated in *Doe*, federal courts do not have the inherent authority to expunge or seal a criminal conviction on equitable grounds. 833 F.3d at 198–99. Petitioner is not challenging the validity of her underlying conviction; rather, she is requesting that her records be sealed due to the persistent collateral consequences of her felony record. *See generally* Pet. This is precisely the kind of equitable exercise of the Court's power that the Second Circuit found impermissible in *Doe*. *See* 833 F.3d at 198–99 (noting that requesting to expunge records due to "collateral employment consequences" or other events "unrelated to the sentencing and that transpire[d] long after the conviction itself" constituted "equitable grounds" and holding that district courts have no jurisdiction to grant an expungement under such circumstances). In light of *Doe*, courts in this district routinely find that they lack ancillary jurisdiction over expungement requests that cite the collateral consequences of federal criminal

---

[4] This alone does not necessarily defeat the petition. In line with federal courts' liberal construction of *pro se* pleadings, this Court can still consider whether it may have other jurisdiction to expunge this conviction. *See Ninying v. Fire Dep't*, 416 F. Supp. 3d 175, 178 (E.D.N.Y. 2017) ("Because pro se litigants are entitled to a liberal construction of their pleadings, their complaints should be read to raise the strongest arguments that they suggest") (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)).

4

convictions.  *See Mount v. United States*, No. 19-MC-3043 (LDH), 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021) (noting that district courts in the Second Circuit "do not have jurisdiction to expunge valid criminal convictions") (citing *Doe*, 833 F.3d at 197); *Patterson v. United States*, No. 19-MC-2986 (LDH), 2020 WL 5820155, at *1 (E.D.N.Y. Sep. 30, 2020) (denying a motion to expunge or seal a criminal record because the court "had no authority to expunge the records of a valid conviction"); *Melvin v. United States*, No. 18-MC-3359 (LB), 2019 WL 5394646, at *2 (E.D.N.Y. Oct. 21, 2019) (dismissing an expungement petition because "the petitioner does not challenge the validity of her conviction," "the underlying criminal case concluded almost a decade ago," and the petitioner "has not supplied other facts that could distinguish her case from *Doe* or qualify for the limited exceptions that would allow the [c]ourt to consider the motion"); *United States v. King*, No. 14-CR-357 (PKC), 2017 WL 4326492, at *1–2 (E.D.N.Y. Sep. 28, 2017) (denying a motion to expunge where petitioner alleged he had suffered collateral consequences related to finding employment).

Finally, this Court's narrow statutory authority, granted by Congress via the FFOA, does not apply here.  Under the FFOA, a court may expunge a criminal record upon successful completion of probation only if a person (1) has no prior drug conviction; (2) is found guilty of misdemeanor possession of a controlled substance, as governed under Section 404 of the Controlled Substances Act; (3) was twenty-one years old or younger at the time of the offense; and (4) the convicting court imposed probation before entry of judgement.  18 U.S.C. § 3607.  Here, Petitioner's motion

fails at the second prong because she was convicted of a crime under a different section of the Controlled Substances Act — namely, knowingly and intentionally conspiring to distribute under 21 U.S.C. §§ 846 and 841(b)(1)(C).  *See generally* Conviction Record.  As such, her conviction is ineligible for the relief this Court is authorized to grant pursuant to the FFOA.

Although the state Clean Slate Act is not applicable to her conviction, this Court echoes several other district court decisions in noting that Petitioner may still be able to take advantage of other New York state law protections to mitigate the impacts of her decades-old conviction.  *See, e.g.*, *Blair v. United States*, No. 23-MC-688 (NRM), 2023 WL 5417357, at *2 (E.D.N.Y. Aug. 22, 2023); *Buonagura*, 2025 WL 880478, at *2 n.2; *Yearwood v. United States*, No. 18-MC-1835 (KAM), 2022 WL 4662091, at *2 n.3 (E.D.N.Y. Sep. 30, 2022).  For instance, New York state law "prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction unless there is a 'direct relationship' between the offense and the employment sought, or granting employment would involve 'unreasonable risk.'"  *Yearwood*, 2022 WL 4662091, at *2 n.3 (citing *Belardo v. United States*, No. 21-MC-1016 (AMD), 2021 WL 4972495, at *2 (E.D.N.Y. Oct. 26, 2021) and N.Y. Corr. L. §§ 752–53).  Similarly, New York City local law "prohibits employers from asking about an applicant's criminal history before making a conditional offer of employment."  *Yearwood*, 2022 WL 4662091, at *2 n.3 (citing N.Y.C. Admin. Code § 8-107(11-a)).

This Court's conclusion does not cast judgment on Petitioner's subjective experience of the collateral effects of her conviction.  *Cf. United States v. Nesbeth*, 188 F. Supp. 3d 179, 180–87 (E.D.N.Y. 2016) (detailing the impacts of collateral consequences and concluding that, "[t]oday, the collateral consequences of a felony conviction form a new civil death").  Nor, as this Court noted in *Blair*, is this decision a comment on the merits of Petitioner's argument that she should "no longer have to bear the weight of a felony conviction on [her] record over two decades after [her] successful reintegration into society."  2023 WL 5417357, at *2.  If, at some point, Congress chooses to grant federal district courts the discretion to expunge otherwise valid convictions on equitable grounds, individuals like Petitioner may have recourse.[5]  But until that time, this Court lacks jurisdiction to expunge or seal her conviction, and her petition must be denied for that reason.

## CONCLUSION

For the foregoing reasons, this Court denies the petition, and it is hereby dismissed without prejudice.

SO ORDERED.

  /s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: December 4, 2025
     Brooklyn, New York

---

[5] In *Buonagura*, Judge Chin noted that the Collateral Consequences Resource Center maintains a current guide on federal post-conviction remedies and is available for petitioners as a resource.  2025 WL 880478, at *1 n.1 (citing *Federal Restoration of Rights & Record Relief*, Collateral Consequences Resource Center, https://ccresourcecenter.org/state-restoration-profiles/federalrestoration-of-rights-pardon-expungement-sealing/ [perma.cc/3MLQ-VHZW] (last updated Nov. 15, 2025)).